### ROBERT LOFTIN v. LAWRENCE SLEET.

Decided April 3, 1902.

**Husband and Wife—Homestead—Purchase Money—Conveyance by Husband Alone.**

In this case, an action to recover a town lot, brought by one to whom the husband had conveyed it in satisfaction of purchase money due thereon, the wife joined as a party defendant, setting up homestead rights in the property and that she had not joined in the conveyance, the judgment in plaintiff's favor is affirmed as being supported by the finding of the jury that the husband, acting in good faith, conveyed the lot in satisfaction of purchase money due on it, and that the conveyance was not intended as a mortgage.

Appeal from Nacogdoches. Tried below before Hon. Tom C. Davis.

*Ingraham, Ratcliff & Huston* and *Dial & Chestnutt,* for appellant.

*Branch, Matthews* and *Harris & Beason,* for appellee.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by the appellee against the appellant for the recovery of a lot in the town of Nacogdoches. On November 1, 1892, the appellant entered into a written contract with George Witkorn for the purchase of the lot in controversy, by which he undertook to pay Witkorn the purchase money as therein stipulated and Witkorn obligated himself to convey the land to Loftin when payment was made. The appellant, having failed to meet his payments, procured W. U. Perkins to take up his obligation, and Witkorn at their request on January 22, 1897, conveyed the land to Perkins, who agreed to convey the lot to appellant on repayment of the money with interest. Afterwards on March 1, 1898,

W. U. Perkins conveyed the lot to the appellee at the request of the appellant and the appellee paid Perkins the balance due him. There is sufficient evidence to support the finding of the jury that the appellant procured the conveyance from Perkins to Sleet for the purpose of discharging his debt for the purchase money and that the deed was an absolute conveyance.

The wife of the appellant made herself a party defendant to the suit, and they pleaded that the conveyance by Perkins to Sleet was intended only as security for the balance of the purchase money, which was paid by Sleet to Perkins as a loan to Loftin; that the lot was their homestead; and that the wife had not executed any contract with respect to the transfer thereof. They offered to pay the balance of the purchase money when the amount could be ascertained, and prayed judgment for the land. It appears from the finding of the jury that the husband acted in good faith and without any intent to defraud the wife. The finding of the jury was that the deed from Perkins to Sleet was an absolute conveyance of the land made at the request of Loftin in order to obtain the money to settle his debt for the purchase money and not a loan, and that he acted in good faith with respect to the homestead rights of his wife, and it is supported by the evidence and is approved and adopted by this court. The issues were correctly submitted by the court below in the charge to the jury and there was no error in refusing the special instructions requested by the defendants. Judgment was properly entered for the plaintiff upon the verdict as returned by the jury. The judgment will be affirmed.

*Affirmed.*